**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| MACROSOLVE, INC., | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 6:13-CV-666 |
| (1) CARLSON HOTELS, INC.; AND (2) CARLSON HOTELS MANAGEMENT CORPORATION, | ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff MacroSolve, Inc. ("MacroSolve") files this original complaint against the above-named defendants, alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

## PARTIES

1.     MacroSolve is a corporation formed under the laws of the State of Oklahoma, with a principal place of business in Tulsa, Oklahoma.

2.     Defendant Carlson Hotels, Inc. ("Carlson Parent") is a corporation organized under the laws of Minnesota, with a principal place of business in Minneapolis, MN.  Carlson Parent can be served with process by serving its registered agent: Corporation Service Company dba CSC - Lawyers Incorporating Service Company; 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

3.     Defendant Carlson Hotels Management Corporation ("Carlson Management") is a corporation organized under the laws of New Jersey, with a principal place of business in Austin, TX.  Carlson Management can be served with process by

1

serving its registered agent: Corporation Service Company dba CSC - Lawyers

Incorporating Service Company; 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## JURISDICTION AND VENUE

4.      This is an action for infringement of a United States patent arising under 35

U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction

of the action under 28 U.S.C. §1331 and §1338(a).

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

Upon information and belief, defendants have transacted business in this district and have

committed, by themselves or in concert with others, acts of patent infringement in this

district.

6.      The defendants are subject to this Court's specific and general personal

jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to the

defendants' substantial business in this forum, including: (i) at least a portion of the

infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in

other persistent courses of conduct, and/or deriving substantial revenue from goods and

services provided to individuals in Texas and in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,822,816

7.      On October 26, 2010, United States Patent No. 7,822,816 ("the '816

patent") was duly and legally issued by the United States Patent and Trademark Office for

an invention entitled "System and Method for Data Management."

8.      MacroSolve is the owner of the '816 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '816 patent against infringers, and to collect damages for all relevant times.

9.      Carlson Parent and Carlson Management (collectively, "Carlson"), directly or through their customers and/or intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least the Club Carlson mobile app(s) products and/or services) that infringed one or more claims of the '816 patent.

10.     Carlson has and is directly infringing the '816 patent.

11.     Carlson has and is indirectly infringing the '816 patent, both as an inducer of infringement and as a contributory infringer.

12.     Carlson infringes directly both (1) through its own use of its mobile app(s) and (2) through the joint use of its mobile app(s) by it and its customers.  Regarding point (2), MacroSolve alleges that Carlson and its customers are joint infringers because (a) Carlson is vicariously liable for its customers' use of its mobile app(s) because Carlson was the entity responsible for the design of the apps (including by having its agents design the apps) and Carlson encourages its customers to use its mobile app(s); and alternatively because (b) Carlson and its customers have acted in concert to use the Carlson mobile app(s) in a way that performs the steps of the claimed method.  Direct infringement also occurs when Carlson performs certain steps of the claimed methods and its customers perform others (for example, when Carlson performs claim 1's steps (a), (b), and (d) and Carlson's customers perform the remainder of the steps) where Carlson's customers are under the direction or control of Carlson and Carlson is acting as a mastermind.

13.     Carlson's customers also commit acts of direct infringement when they download and use the Carlson mobile app(s).  They do so because their use of the mobile app(s) performs each step of the claimed methods (including by putting into operation and causing the Carlson servers to perform certain actions such as steps (a), (b), and (d) of claim 1 of the patent-in-suit in response to commands sent from the mobile app(s)).

14.     Carlson has both induced and contributed to the underlying direct infringement of the '816 patent by Carlson's customers or by the joint action of Carlson and its customers.  The direct infringement underlying the indirect infringement claims consist of the direct infringement by its customers or by Carlson and its customers, as described above.

15.     Carlson induces its customers to use the Carlson mobile app(s).  Carlson's distribution and promotion of the Carlson mobile app(s) has no other purpose but to cause its customers to download and use them. Carlson encourages its customers to download and use its mobile app(s), including, for example, on its website and on the apps' listings in app stores.

16.     Carlson has contributed to the infringement of the '816 patent by making its mobile app(s) available for download and by operating servers (or having its agents operate servers) that can communicate with the mobile app(s), and that can be put into use and operation by Carlson's customers through the use of the mobile app(s).

17.     Carlson's mobile app(s) have features that have no substantial uses other than the uses that are alleged to infringe the '816 patent.  Specifically, the features of the Carlson mobile app(s) that allow information to be collected from the user of the mobile device and then uploaded to the Carlson servers have no substantial use other than

4

infringing the patent-in-suit.  The use of these features of Carlson's mobile app(s) for their intended purpose necessarily results in infringement of the '816 patent.

18.     Carlson has or will have knowledge of the '816 patent, as well as the fact that its customers use of its mobile app(s) infringes the '816 patent, since at least as early as the filing of this lawsuit.  Additionally, when it launched its mobile app(s), Carlson took inadequate steps to determine whether it would be infringing the intellectual property rights of others, such as MacroSolve, and thus was willfully blind to the existence of the '816 patent. Carlson thus induces /induced and contributes/contributed to acts of direct infringement with the specific intent that others would infringe the '816 patent.

## JURY DEMAND

MacroSolve hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

MacroSolve requests that the Court find in its favor and against the defendant, and that the Court grant MacroSolve the following relief:

a.     Judgment that one or more claims of the '816 patent have been infringed, either literally and/or under the doctrine of equivalents, by the defendants and/or all others acting in concert therewith;

b.     A permanent injunction enjoining the defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '816 patent;

c.     Judgment that the defendants account for and pay to MacroSolve all damages to and costs incurred by MacroSolve because of the defendants' infringing activities and other conduct complained of herein;

d.      That MacroSolve be granted pre-judgment and post-judgment interest on the damages caused by the defendants' infringing activities and other conduct complained of herein;

e.      That this Court declare this an exceptional case and award MacroSolve its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f.      That MacroSolve be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: September 12, 2013              Respectfully submitted,

                                       /s/ Califf T. Cooper
                                       Matthew J. Antonelli (lead attorney)
                                       Texas Bar No. 24068432
                                       matt@ahtlawfirm.com
                                       Zachariah S. Harrington
                                       Texas Bar No. 24057886
                                       zac@ahtlawfirm.com
                                       Larry D. Thompson, Jr.
                                       Texas Bar No. 24051428
                                       larry@ahtlawfirm.com
                                       Califf T. Cooper
                                       Texas Bar No. 24055345
                                       califf@ahtlawfirm.com
                                       ANTONELLI, HARRINGTON &
                                       THOMPSON LLP
                                       4200 Montrose Blvd., Ste. 430
                                       Houston, TX 77006
                                       (713) 581-3000


                                       *Attorneys for MacroSolve, Inc.*